LUCY A. BACHELDER & al. *versus* DANIEL J. PERLEY & al.

An attachment of real estate may be dissolved by an attaching creditor otherwise than is provided in c. 62, of the Public Laws of 1859.

A & B severally attached C's real estate, — one on Sept. 1, and the other Sept. 5, 1860. In Nov. following, prior to any levy, A, for a valuable consideration, executed and delivered to B a release of his attachment " so far that B shall at all times take precedence in any levy he may make on said real estate. B extended his execution on the premises, June, 1861, and subsequently conveyed by deed of quitclaim his " right," &c., to the plaintiffs' ancestor. A extended his execution June, 1863, and subsequently conveyed by deed of quitclaim, reciting the release, to the defendants' grantor. In ejectment: — *Held*, that the release was valid, and that B's levy took precedence.

ON REPORT from *Nisi Prius*, APPLETON, C. J., presiding. WRIT OF ENTRY.

The facts appear in the opinion.

*A. W. Paine*, for the plaintiffs.

*J. H. Hilliard*, for the defendants.

TAPLEY, J. — This is a real action. The origin of the claims of both parties are two separate levies made upon the property, as the property of one Oren Clark, and they hold by subsequent conveyances from the execution creditors.

The demandants' claim originates under a levy made by Nahum Godfrey, June 20, 1861, the original attachment in his suit being made Sept. 25, 1860. The tenant's claim originates under a levy made by Jos. E. Knowlton, June 15, 1863, the original attachment in his suit being made Sept.

21, 1860, some four days prior to the attachment in the Godfrey suit.

On the 19th day of Nov., 1860, before either levy was made, Knowlton made and executed a writing under seal to release his attachment, that Godfrey's levy might take precedence of his, and also covenanted therein, that he would never set up his levy against that of Godfrey.

An attachment of real estate, upon mesne process, creates a lien upon the estate, which may be made available to the creditor after judgment by a levy of the execution thereon.

It is only a lien, and may be released, discharged, lost, or abandoned by the party originally instituting it.

It is created at the instance, and for the benefit of the plaintiff in an action, and may be by him discharged.

Chapter 62 of the Acts of 1859, provides two methods by which such a discharge may be effected.

These do not exclude all other methods, but are additional modes, embracing also within them notice to third parties.

In this case the release was by instrument under seal, and for a valuable consideration.

The instrument consists of two parts; one is the present, actual, executed release, taking effect immediately upon its execution and delivery, and the other is a covenant never to set up any levy that may be made by Knowlton, against any levy which shall be made by Godfrey.

This instrument being of as high a character as required by law to transfer an interest in real estate, and made for a valuable consideration, was effectual to release the attachment as to Godfrey, and was not thereafter revocable by the party making it. The levy of Godfrey being made after the execution of this instrument, and before the levy of Knowlton, was unaffected by the attachment made in the Knowlton suit, and passed all the debtor's interest in the premises on the 25th of Sept., 1860, in the same manner as if the Knowlton suit had never been commenced.

This presents the rights of Godfrey and Knowlton as they existed before any conveyance by either. The present par-

ties hold their rights by *deeds*. The demandants hold by deed from Godfrey. The tenants hold by deed from Knowlton to Smith, and from Smith to them. Neither can hold more than their grantors had, and the deeds must determine what was conveyed.

Godfrey's deed conveyed all that passed by his levy. It is a year earlier in date than that of Knowlton.

Knowlton's deed conveys "all his right, title and interest in and to" the premises, "the attachment on the writ upon which judgment was recovered having been released by me [him] to Nahum Godfrey by an instrument dated Nov. 19, 1860, to which instrument now in the hands of Godfrey I refer and make the same a part of this deed."

This deed, from which the above quotation is made, not only does not purport to convey any interest acquired by attachments, but clearly excludes any such conveyance, or attempt to convey it, and is not only a record notice to Smith and his assigns of the release of the attachment, but is also a notice to them that no such interest or rights were conveyed or designed to be conveyed. A construction of the deed which will make it otherwise would be clearly against the manifest intention of the parties, and as clearly against equity and good conscience. Smith could convey nothing more than he received by his deed from Knowlton, and the tenants could take only that. This view renders it unnecessary to discuss the position that the tenants are estopped, by the covenants in the instrument referred to in and made a part of Knowlton's deed, from setting up the levy against the Godfrey levy. In pursuance of the agreement of the parties, there must be

*Judgment for the demandants, and the mesne profits to be assessed by E. C. Brett.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.